| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE6, Asset Backed-Certificates, Series 2007-HE6 | **Order Filed on August 12, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Patricia Cecala<br><br>Debtor. | Case No.: 19-15921 MBK<br>Adv. No.:<br>Hearing Date: 5/28/19 @ 10:00 a.m.<br><br>Judge: Michael B. Kaplan |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: August 12, 2019**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:        Patricia Cecala
Case No.:      19-15921 MBK
Caption:       **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE6, Asset Backed-Certificates, Series 2007-HE6, holder of a mortgage on real property located at 31 Metedeconk Road, Howell, NJ 07731 Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Jonathan Goldsmith Cohen, Esquire, attorney for Debtor, Patricia Cecala, and for good cause having been shown;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by October 9, 2019, or as extended by an application to extend the loss mitigation period; and

It **ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the Court's loss mitigation order while the loss mitigation period is active;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's proof of claim while Debtor is seeking a loan modification;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.